IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00639-ZLW

ARTHUR D'AMARIO, III,
Applicant,

v.

BLAKE R. DAVIS,
Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 28 2008

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION TO VACATE

Applicant Arthur D'Amario, III, has filed *pro se* on May 16, 2008, a "Motion to Vacate" asking the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on May 8, 2008. The Court must construe the motion liberally because Mr. D'Amario is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the "Motion to Vacate" will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). The Judgment in this action was entered on May 8, 2008. Mr. D'Amario filed the "Motion to Vacate" within ten days after the Judgment was entered. Therefore, the Court will consider the "Motion to Vacate" pursuant to Rule 59(e). *See id.*

The Court dismissed the instant action without prejudice because Mr. D'Amario failed to pay the $5.00 filing fee. Mr. D'Amario alleges in support of the "Motion to Vacate" that he attempted to pay the filing fee in April 2008 but, due to circumstances beyond his control, the Court either did not receive the payment or it was applied to the wrong habeas corpus action. Mr. D'Amario also states that he will direct his mother to pay the filing fee if the Court reinstates this action.

Upon consideration of the "Motion to Vacate" and the entire file, the Court finds that Mr. D'Amario fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Servants of the Paraclete v. Does**, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. D'Amario does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. The Court's docketing records do not indicate that the Court received any payment from Mr. D'Amario in April 2008 in this action or in any of Mr. D'Amario's other habeas corpus cases. Mr. D'Amario's statement that he will direct his mother to pay the filing fee also does not convince the Court that reconsideration is appropriate. Mr. D'Amario is reminded that the Court dismissed the instant action without prejudice. If Mr. D'Amario wishes to pursue his claims, he may do so by filing a new action. Therefore, the "Motion to Vacate" will be denied. Accordingly, it is

ORDERED that the "Motion to Vacate" filed on May 16, 2008, is denied.

DATED at Denver, Colorado, this 28 day of May, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00639-BNB

Arthur D'Amario, III
Reg. No. 02989-070
FCI - Englewood
9595 W Quincy Avenue
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/28/8

                          GREGORY C. LANGHAM, CLERK

                          By: _____
                                     Deputy Clerk